**Dwight CAMPBELL, Plaintiff–Appellant,**

**v.**

**BANK ONE and Wendy Beguhn, Bank Manager, Defendants–Appellees.**

No. 03–1160.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before BOGGS, Chief Judge; GIBBONS, Circuit Judge; and GWIN, District Judge.*

### ORDER

Dwight Campbell, proceeding pro se, appeals a district court judgment dismissing his civil complaint filed under the Michigan Uniform Commercial Code (UCC), M.C.L. 440. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, the record reflects that Campbell, as President, and Orlando Bayless (Bayless), as secretary,

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

opened a bank account with Bank One for their company, Top Notch Productions, Inc. (Top Notch). The account was opened in March 1996. The Depository Resolutions of the account stated that Bank One could only transfer funds when the request for such transfer was signed by both Campbell and Bayless. Campbell and Bayless also completed an Account Opening Card containing both of their signatures. Shortly after the account was opened, Bank One began debiting Top Notch's account when it learned that several of the company's deposits were made via fraudulently altered American Express Money orders. The debits totaled $23,042. The record indicates that Campbell has made several attempts to withdraw the remaining funds from the account, and that the bank has declined to honor his requests because his requests were not signed by Bayless.

Seeking monetary relief, Campbell sued Bank One and a Bank One Manager (Beguhn). He claimed that: 1) Bank One has improperly declined to return his money; and 2) Beguhn engaged in acts of defamation against Campbell. The parties filed cross-motions for summary judgment. Upon review, the district court concluded that Campbell was not entitled to judgment on either claim. Hence, the court granted judgment to the defendants, and denied Campbell's motion for summary judgment.

Campbell has filed a timely appeal, essentially reasserting his claims. He also argues that Bank One has inaccurately stated the remaining balance in the account. In addition, Campbell has attached a document to his reply brief, purportedly signed by Bayless on April 30, 2003, indicating that Bayless has awarded Campbell power to close Top Notch's account.

■ Initially, we conclude that Campbell's argument concerning the proper balance for Top Notch's account is not a cognizable issue in this case. Campbell did not assert this matter as a separate claim in his complaint. As such, it was not addressed by the district court, and we will not address it in the first instance. Likewise, we will not consider the April 2003 letter because it was not presented to the district court.

Upon review, we conclude that the district court properly concluded that Bank One was entitled to judgment as a matter of law. *See Lucas v. Monroe County,* 203 F.3d 964, 971–72 (6th Cir.2000). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of any genuine issue of material fact. *Covington v. Knox County Sch. Sys.,* 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the nonmoving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

■ Bank One met its initial burden of establishing that Campbell did not present any properly authorized request for funds. The record clearly reflects that Top Notch's account has a two-signature requirement for the payment of checks and the transfer of funds. In addition, the account opening card confirms the two-signature requirement. Pursuant to M.C.L. 440.3403(2), in corporate accounts with multiple signature requirements, "the signature of the organization is unauthorized if 1 of the required signatures is lacking." The record clearly establishes that Campbell's requests for these funds lacked the second signature required by the terms of his account, and thus his requests were not properly authorized.

Campbell has not met his burden of presenting significant probative evidence in support of his complaint in order to

defeat Bank One's well-supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Am. Acad. of Ophthalmology, Inc. v. Sullivan*, 998 F.2d 377, 382 (6th Cir.1993). The non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence upon which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Campbell failed to present any evidence that he properly requested the funds from Bank One. Although the record reflects that he presented Bank One with a letter in 1996, signed by both himself and Bayless, he has not established that such a letter sufficiently complied with Bank One's policy for remote withdrawal or for an account closing. Hence, the district court properly concluded that Bank One was entitled to judgment as a matter of law because Campbell never presented Bank One with a properly signed request for the funds at issue.

■ We conclude that the district court also properly granted summary judgment to Beguhn on Campbell's defamation claim. Beguhn met her initial burden of establishing that Campbell's defamation claim is not actionable. In an action brought pursuant to the court's diversity jurisdiction, a federal court applies the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Michigan law, "a plaintiff must establish each of the following four elements to maintain a defamation action: '(a) a false and defamatory statement concerning plaintiff; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm, (defamation per se) or the existence of special harm caused by the publication (defamation per quod).'" *Andrews v. Prudential Sec.*, 160 F.3d 304, 308 (6th Cir.1998). As is evidence from the first requirement, falsity, truth is a complete defense to a defamation action. *Baggs v. Eagle–Picher Indus., Inc.*, 957 F.2d 268, 273 (6th Cir.1992).

Here, it is undisputed that Campbell was the President of Top Notch and that Top Notch had deposited altered checks into its account. Hence, Beguhn's statement was substantially true, even if Campbell did not personally make the deposits. Campbell does not dispute that Top Notch had, in fact, deposited altered checks into the account. As such, Beguhn was entitled to judgment as a matter of law.

For these same reasons, we conclude that the district court did not abuse its discretion when it denied Campbell's cross-motion for summary judgment. *See Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.